David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **Michael Pandelakis,**<br><br>             Plaintiff,<br><br>                   v.<br><br>**U.S. Bank N.A.,**<br><br>             Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit

and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. MICHAEL PANDELAKIS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of U.S. BANK N.A. ("U.S. Bank" or "Defendant") with regard to erroneous reports of derogatory and negative credit information made by Defendant to national reporting agencies, and for failure of Defendant to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendant is subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the County of Maricopa, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant U.S. Bank is a national bank doing business in the State of Arizona, with a principal place of business in Minnesota.

## GENERAL ALLEGATIONS

13. At all times relevant, Plaintiff was an individual residing within the State of Arizona.

14. At all times relevant, Defendant conducted business in the State of Arizona.

15. On or about early August 2016, Plaintiff attempted to refinance his home.

16. On or about August 8, 2016, Plaintiff was notified that he did not qualify for the loan he wanted due to a derogatory item on his credit report.

17. Upon further investigation, Plaintiff learned that Defendant U.S. Bank was reporting a charge off on a home equity loan to all three credit bureaus.

18. Plaintiff immediately began contacting Defendant U.S. Bank in order to understand what happened to his account and remedy the situation.

19. Plaintiff had several phone calls with Defendant as well as went into a U.S. Bank branch to discuss his account in person.

COMPLAINT 3

20. During this investigation by Plaintiff, Plaintiff is informed and believes that Defendant charged unknown and unauthorized fees to Plaintiff's account without his permission or an agreement to do so.

21. In Plaintiff's credit reports dated September 9, 2016, U.S. Bank reported the following inaccurate, derogatory information:

    - US Bancorp Account No. 300058XXXX: Balance $305, Status Charge-Off, with a 30, 90, 120, 150, and 180 day late in the 81 month payment history.

22. U.S. Bank should not have reported derogatory information on Plaintiff's account because no charges were legal, authorized, and Plaintiff did not owe Defendant any amount.

23. On or about September 29, 2016, Plaintiff disputed U.S. Bank's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying U.S. Bank, in writing, of the incorrect and inaccurate credit information furnished by U.S. Bank.

24. Specifically, Plaintiff sent a letter, certified, return receipt, to U.S. Bank (the "U.S. Bank Dispute Letter"), disputing the account as follows:

This account is reporting a charge-off of $305 for a line of credit of $252,112. There was no debt/balanced owed on this account. Any fees or charges to this account were not authorized by contract. No payment was due thus there can be no charge off. Furnisher is in breach of contract. Furnisher has perpetrated a consumer fraud.

25. U.S. Bank was required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

26. On or about the last week of October, Plaintiff received notification from each of the three credit bureaus that U.S. Bank received notice of Plaintiff's disputes pursuant to 15 U.SC. § 1681i(a)(6), and U.S. Bank verified the account.

27. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, U.S. Bank simply left derogatory information on Plaintiff's report.

28. Since Plaintiff did not owe Defendant any money, he was never notified that his account was delinquent, he never authorized any charges or fees and there was no contractual basis for U.S. Bank to charge him any fees, the information being reported on Plaintiff's credit report was blatantly incorrect.

29. U.S. Bank, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

30. U.S. Bank failed to review all relevant information provided by Plaintiff in the dispute to U.S. Bank including Plaintiff's dispute letters, his various phone calls directly with U.S. Bank, as well as his in-person conversations at his local branch, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

31. Due to U.S. Bank's failure to investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

32. Plaintiff's continued efforts to correct U.S. Bank's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with U.S. Bank were fruitless.

33. U.S. Bank's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

34. U.S. Bank's inaccurate and negative reporting damaged Plaintiff's creditworthiness.
35. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, U.S. Bank failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).
36. Prior to Defendant reporting this derogatory information, Plaintiff had excellent credit.
37. Due to Defendant's actions, Plaintiff has been turned down on refinancing his primary residence. Also Plaintiff has been forced to refrain from any further attempts of securing a mortgage refinance. Therefore, each and every month, Plaintiff's damages are ongoing.
38. Further, being denied for a loan was an embarrassing and humiliating experience for Plaintiff causing mental anguish type damages.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ*. (FCRA)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
40. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.
41. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

42. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 ET SEQ. (FCRA)**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

43. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 1, 2016                    Respectfully submitted,

                                          BY: /S/ DAVID MCGLOTHLIN_____
                                              DAVID MCGLOTHLIN, ESQ.
                                              ATTORNEY FOR PLAINTIFF